IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-03812-PAB-TPO

DISH WIRELESS L.L.C., a Colorado limited liability company,

Plaintiff,

v.

786 FARMERS BLVD, INC., a New York corporation,

Defendant.

---

**ORDER**

---

This matter comes before the Court on Plaintiff Dish Wireless L.L.C.'s Application to Confirm Arbitration Award [Docket No. 1].

## I. BACKGROUND[1]

Plaintiff DISH Wireless L.L.C. ("DISH") is the operator of Boost Mobile, a United States wireless carrier. Docket No. 1 at 2, ¶ 5. Defendant 786 Farmers Blvd, Inc. ("Farmers") entered into a contract with DISH to become an authorized retailer of wireless telecommunication products and services branded under the Boost Mobile trade name. *Id.*, ¶ 6. The contract contained an arbitration clause. *See* Docket No. 1-2 at 5-6. The contract was terminated by DISH because Farmers engaged in fraudulent behavior. Docket No. 1 at 2, ¶ 6. On December 12, 2023, DISH initiated an arbitration action against Farmers based upon numerous alleged violations of the contract. *Id.* at

[1] The following facts are taken from DISH's application to confirm the arbitration award. Docket No. 1. Plaintiff served defendant on December 13, 2025. Docket No. 8 at 2. Defendant has not entered an appearance in this action and has not disputed any facts.

3, ¶¶ 7-8. On November 26, 2024, the arbitrator granted default judgement against Farmers and entered a final arbitration award in the amount of $744,500.62. *Id.* at 2-3, ¶¶ 10-11; *see also* Docket No. 1-4 at 1-9. Farmers has not satisfied the final arbitration award. Docket No. 1 at 4, ¶ 15. On November 24, 2025, DISH filed an application to confirm the arbitration award in this court. *See generally id.*

## II. LEGAL STANDARD

In the context of an application to confirm an arbitration award, the Court reviews the well-pleaded facts of an application, rather than a complaint, and confirms that those facts meet the requirements of the Federal Arbitration Act, 9 U.S.C. § 9. *Dish Wireless L.L.C. v. Cynthia I, Inc.*, No. 23-cv-02547-GPG-NRN, 2024 WL 1931791, at *2-3 (D. Colo. Apr. 5, 2024); *Dish Network, LLC v. Cyberworks Software, Inc.*, No. 10-cv-00211-PAB, 2012 WL 2033696, at *2 (D. Colo. June 6, 2012). Under § 9, the applicant must show that 1) the parties agreed to binding arbitration; 2) the petition to confirm the award was brought within one year of the award; 3) notice of the petition was served on the adverse party; and 4) the petition was brought in the appropriate court. *Dish Network, L.L.C. v. Open Orbit Corp.*, No. 16-cv-02083-CBS, 2017 WL 11488618, at *5 (D. Colo. May 25, 2017), *report and recommendation adopted*, 2017 WL 11488617 (D. Colo. June 28, 2017). If those elements are met and there are no grounds for vacatur, modification, or correction, as prescribed by 9 U.S.C. §§ 10-11, the Court must enter judgment confirming the award. *Id.*

"The standard of review of arbitral awards is among the narrowest known to law . . . Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances." *White River Vill.,*

*LLP v. Fid. & Deposit Co. of Md.*, No. 08-cv-00248-REB-MEH, 2014 WL 976881, at *1 (D. Colo. Mar. 10, 2014) (internal quotation marks and citations omitted).

## III. ANALYSIS

The Court will not confirm the arbitration award for two reasons. First, the Court is not satisfied that it has subject matter jurisdiction over this action. *See State of Utah v. Babbitt*, 137 F.3d 1193, 1203 n.12 (10th Cir. 1998) (noting that courts "are obligated to satisfy [themselves] as to [their] own jurisdiction at every stage of the proceeding.") (citing *Alexander v. Anheuser-Busch Cos.*, 990 F.2d 536, 538 (10th Cir. 1993)). "[B]ecause the FAA does not create any independent federal-question jurisdiction, there must be diversity of citizenship or some other independent basis for federal jurisdiction before a federal court can act under the FAA." *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) (internal quotations and citation omitted). DISH asserts that the Court has diversity jurisdiction over this proceeding. Docket No. 1 at 2, ¶ 3. Federal courts are conferred with diversity jurisdiction when the amount in controversy exceeds $75,000 and when there is complete diversity between parties. *Clemmons v. Wells Fargo Bank, N.A.*, 680 F. App'x 754, 757 (10th Cir. 2017) (unpublished); *see also* 28 U.S.C. § 1332(a)(1). Here, the final arbitration award is $744,500.62, which exceeds $75,000. *See* Docket No. 1 at 3-4, ¶ 11. However, DISH has not shown that there is diversity of citizenship.

In the application, DISH asserts that it is a limited liability company with its principal place of business located in Colorado and asserts that, upon information and belief, Farmers is a New York corporation with its principal place of business located in New York. *Id.* at 1-2, ¶¶ 1-2. On December 4, 2025, the Court issued an order explaining that "[t]he citizenship of a limited liability company is determined, not by its

state of organization or principal place of business, but by the citizenship of all of its members." Docket No. 5 at 1-2 (citing *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015)). The Court further explained that "[t]he citizenship of a corporation, by contrast, is determined by its state of incorporation and principal place of business." *Id.* at 2. Thus, the Court ordered DISH to file a disclosure statement in accordance with Federal Rule of Civil Procedure 7.1 that identified the citizenship of its members. *Id.* Moreover, the Court stated that, while DISH attaches an exhibit showing that Farmers is incorporated in New York, DISH does not show that Farmers' principal place of business is in New York. *Id.* at 3. The Court noted that, "[g]iven that Farmers did not appear or otherwise participate in the underlying arbitration proceedings, . . . [DISH] may need to provide evidence of Farmers' principal place of business in the event Farmers does not appear in this case." *Id.*

On December 8, 2026, DISH filed a Rule 7.1 disclosure statement asserting that its sole member is DISH Wireless Holding L.L.C., and that DISH Wireless Holding L.L.C's sole member is DISH Network Corporation. Docket No. 6 at 2. The disclosure statement further states that Dish Network Corporation is a Nevada corporation with its principal place of business in Colorado. *Id.* Thus, DISH established that it is a citizen of both Nevada and Colorado. However, Farmers never entered an appearance in this action, and DISH never provided evidence of Farmers' principal place of business, merely alleging in the petition that, "[u]pon information and belief," Docket No. 1 at 2, ¶ 2, Farmer's principal place of business is in New York. Without knowing Farmers' principal place of business, the Court cannot determine Farmers' citizenship, and therefore cannot determine whether it has subject matter jurisdiction over this action.

Next, even if the Court did have subject matter jurisdiction, there is still an insufficient basis to confirm the arbitration award. In order for the Court to confirm the arbitration award, DISH must show that Farmers agreed to binding arbitration. *Dish Network*, 2017 WL 11488618, at *5. But the contract attached to the application states that arbitration is only required if DISH does not require mediation or, if DISH does require mediation, until after the parties have mediated the dispute. Docket No. 1-2 at 5-6. Thus, mediation or DISH's waiver of mediation is a condition to the arbitration requirement. The application, however, contains no allegations regarding mediation. *See generally* Docket No. 1. Without knowing if DISH required mediation and whether mediation occurred, the Court is unable to determine if the parties were subject to binding arbitration.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff DISH Wireless L.L.C.'s Application to Confirm Arbitration Award [Docket No. 1] is **DENIED without prejudice**.

DATED August 20, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge